Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| HÉCTOR LUIS BARRETO CINTRÓN<br><br>*Apelante*<br><br>v.<br><br>ARCO CONSTRUCTION COMPANY, INC. Y OTROS<br><br>*Apelado* | KLAN202300941 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV00847 (407)<br><br>Sobre: Cobro de Dinero Ordinario y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de enero de 2024.

Comparece ante nos el señor Héctor Luis Barreto Cintrón (señor Barreto Cintrón o apelante) y nos solicita la revisión de una *Sentencia* emitida el 4 de agosto de 2023, notificada el 16 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). Mediante el aludido dictamen, el foro primario declaró Ha Lugar una *Moción de Sentencia Sumaria* presentada por ARCO Construction Company, Inc. (ARCO o apelado).

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

**I.**

El 8 de abril de 2021, el señor Barreto Cintrón instó una *Demanda* sobre incumplimiento de contrato y cobro de dinero, contra ARCO y FirstBank[1]. Manifestó que, para la fecha del 6 de

---

[1] La causa de acción contra FirstBank fue desestimada el 18 de febrero de 2022, mediante *Sentencia Sumaria Parcial*. Véase, entrada número 49 del expediente electrónico en el Sistema de Manejo y Administración de Casos (SUMAC).

febrero de 2021, ARCO lo contactó para obtener sus servicios legales, a los fines de llevar a cabo una compraventa con un comprador en Puerto Rico. Por tal motivo, sostuvo que, el 13 de febrero de 2021, pactó un acuerdo de servicios legales con ARCO luego de que la junta directiva de este último aprobara los términos de este. Añadió que, posteriormente, ARCO le compartió la información de las partes que llevarían a cabo la compraventa por medio de una declaración de interés[2] para que procediera con la preparación del contrato. Según el documento, ARCO realizaría el negocio con F&R Construction Group, Inc. (F&R). Según el señor Barreto Cintrón, éste preparó el contrato.

Luego de ello, el apelante alegó que, el 15 de febrero de 2021, ARCO le expresó que necesitaba que los pagos para la compra fueran transferidos a nombre del apelante, que éste actuara como depositario y transfiriera varios pagos, a los fines de evitar atrasos y adelantar el proceso de pago. Añadió, que indicó a ARCO la tarifa por sus servicios legales, a saber, el siete por ciento (7%) de las cantidades depositadas.

Así las cosas, entre la semana del 22 de febrero de 2021 y el 2 de marzo del mismo año, el apelante alegadamente recibió dos cheques de gerente por la cantidad de doscientos setenta y ocho mil dólares ($278,000.00) cada uno, para un total de quinientos cincuenta y seis mil dólares ($556,000.00). El 1 de marzo de 2021, el apelante abrió una cuenta bancaria destinada exclusivamente a ARCO y depositó el primer cheque de gerente por la cantidad de doscientos setenta y ocho mil dólares ($278,000.00). Luego, el 3 de marzo de 2021, depositó el segundo cheque por la misma cantidad[3].

---

[2] Apéndice del recurso de *Apelación*, págs. 93-97.
[3] La fecha de depósito de este cheque surge de la misiva cursada por FirstBank, en donde la institución bancaria informó que el cheque había sido devuelto.

No obstante, el apelante sostuvo que el 8 de marzo de 2021, mientras se disponía a transferir los fondos, advino en conocimiento de que el segundo cheque había sido rechazado por FirstBank. Adujo que posteriormente el banco le informó que el primer cheque también había sido devuelto. Consecuentemente, los fondos depositados fueron retirados por FirstBank, y la cuenta se redujo a la cantidad de intereses acumulados hasta la fecha.

Ante dicha situación, el señor Barreto Cintrón indicó haber realizado varios intentos para cobrar a ARCO los honorarios por sus servicios, pero ninguno tuvo éxito[4]. A esos efectos, solicitó la suma de $39,670.00 por los servicios legales prestados, más intereses, costas y honorarios. Asimismo, solicitó la cantidad de $10,000.00 por concepto de daños emocionales y angustias mentales.

El 9 de julio de 2021, sin someterse a la jurisdicción, ARCO presentó una *Moción de Desestimación*[5]. En esencia, sostuvo que el foro primario carecía de jurisdicción sobre su persona, toda vez que era una corporación organizada bajo las leyes del estado de Missouri, sin contactos mínimos en Puerto Rico. En la alternativa, sostuvo que procedía la desestimación puesto que la demanda presentada por el señor Barreto Cintrón no exponía una reclamación que justificara la concesión de un remedio. Manifestó que ni ARCO ni su presidente habían tenido comunicación con el apelante, y mucho menos habían solicitado sus servicios legales, así como tampoco entraron en una relación contractual con el mismo. Expresó que en ningún momento le enviaron cheques u otro instrumento financiero o legal por ninguna cantidad o propósito. Indicó también, que era su contención que el señor Barreto Cintrón había sido víctima de un esquema de fraude.

---

[4] Es preciso señalar que todas las presuntas comunicaciones que tuvo el señor Barreto Cintrón con ARCO fueron a través de correos electrónicos, los cuales aparecen suscritos por el señor Jeff Cook (señor Cook), presidente de ARCO.
[5] Apéndice del recurso de *Apelación*, págs. 27-35.

El mismo día, 9 de julio de 2021, el TPI intimó *Orden*[6], concediendo veinte (20) días para que el apelante replicara. En cumplimiento, el 29 de julio de 2021, el señor Barreto Cintrón presentó *Oposición a moción solicitando desestimación presentada por la codemandada Arco Construction Company, Inc*[7], en la que alegó que la referida moción era prematura. Esgrimió que tenía derecho al descubrimiento de prueba, y a "deponer, interrogar, contrainterrogar, confrontar y carearse"[8] con el señor Jeff Cook (señor Cook), presidente de ARCO, toda vez que su declaración jurada pretendía ser la única evidencia para solicitar la desestimación. Además, insistió en haber sido contratado por el apelado a través del señor Cook, y que ello implicaba que ARCO sí tenía contactos mínimos con la jurisdicción de Puerto Rico. Finalmente, partiendo del pretexto legal en el que una moción de desestimación se convierte en una solicitud de sentencia sumaria cuando en la primera se incluyen materias no incluidas en la alegación que se impugna, el apelante sostuvo que la moción dispositiva debía declararse no ha lugar puesto que incumplía con el formato requerido por la Regla 36 de Procedimiento Civil[9].

El 17 de agosto de 2021, sin someterse a la jurisdicción, ARCO presentó *Réplica a "Oposición a moción solicitando desestimación presentada por la co-demandada Arco Construction Company, Inc"*[10]. En apretada síntesis, esgrimió que la única evidencia presentada por el apelante, a saber, los correos electrónicos, eran sospechosos. Señaló que tanto la redacción de las comunicaciones como el contenido de estos mostraban suspicacia, más aún cuando alegadamente provenían del presidente de una corporación multimillonaria, y a través de una dirección de correo electrónico

---

[6] Apéndice del recurso de *Apelación*, pág. 42.
[7] Apéndice del recurso de *Apelación*, págs. 43-49.
[8] Apéndice del recurso de *Apelación*, pág. 44.
[9] 32 LPRA Ap. V, R. 36.4.
[10] Apéndice del recurso de *Apelación*, págs. 189-197.

genérica. Además, indicó que el presidente de F&R, señor Ángel Antonio Fullana Olivencia (señor Fullana Olivencia), había expresado bajo juramento[11] que F&R nunca había realizado negocios con ARCO. De otro lado, sostuvo que sí cumplió con la disposición de la Regla 36 de las de Procedimiento Civil, puesto que incluyó una lista de hechos incontrovertidos; contrario al apelante, quien no cumplió con la referida regla.

Al próximo día, el 18 de agosto de 2021, el foro primario emitió *Orden*[12] en la que señaló una vista argumentativa para el 28 de septiembre de 2021, a las 2:00pm, mediante videoconferencia.

En el ínterin, específicamente el 25 de agosto de 2021, ARCO presentó *Moción en Solicitud de Orden*[13]. Adujo que el 17 de agosto de 2021, el apelante había cursado un correo electrónico[14] requiriendo documentos e información que entendía improcedentes. Indicó que parte de lo solicitado pretendía obtener información en posesión de terceros, así como que ARCO probara "un negativo"[15]. Así pues, requirió que se denegara el descubrimiento de prueba o, en la alternativa, se paralizara el mismo hasta que se atendieran las mociones dispositivas pendientes de adjudicación. En atención a ello, el tribunal *a quo* emitió una *Orden*[16] el 25 de agosto de 2021, en la que indicó que las solicitudes de información presentadas por el señor Barreto Cintrón no constituían un mecanismo formal de descubrimiento de prueba, por lo que el foro no tenía nada que disponer sobre el asunto.

No obstante, lo anterior, el mismo 25 de agosto de 2021, el apelante presentó *Moción informativa de primer pliego de interrogatorios, requerimiento de admisiones y producción de*

---

[11] La declaración jurada aludida se presentó junto con la réplica a la oposición. Véase, Apéndice del recurso de *Apelación*, págs. 198-199.
[12] Apéndice del recurso de *Apelación*, pág. 200.
[13] Apéndice del recurso de *Apelación*, págs. 201-203.
[14] Apéndice del recurso de *Apelación*, págs. 204-206.
[15] Apéndice del recurso de *Apelación*, pág. 202.
[16] Apéndice del recurso de *Apelación*, pág. 207.

*documentos*[17]. Como parte de los requerimientos, el señor Barreto Cintrón solicitó, entre otros, los récords de llamadas, facsímiles y comunicaciones electrónicas entre F&R y ARCO o, en su defecto, un listado de todas las llamadas telefónicas entre ARCO y los códigos de área 787 y 939, entre los meses de enero a agosto de 2021 o, en su defecto, las facturas originales de la compañía de teléfono de ARCO, con todas las llamadas realizadas y recibidas entre enero a marzo de 2021[18]. Además, solicitó tres ejemplos de documentos notarizados entre octubre y diciembre de 2020, que incluyeran la firma del señor Cook, libros de contabilidad y transacciones bancarias entre ARCO y F&R de 10 meses anteriores y la fecha exacta en la que ARCO, el señor Cook y F&R advinieron en conocimiento del supuesto fraude que alegaban[19].

El 14 de septiembre de 2021, sin someterse a la jurisdicción, ARCO presentó *Segunda moción en solicitud de orden paralizando el descubrimiento de prueba*[20]. En esta, ARCO insistió en que se declarara no ha lugar el descubrimiento de prueba o, que se paralizara el mismo hasta que el apelante presentara su alegación responsiva o se atendieran las mociones dispositivas sin resolver. El 15 de septiembre de 2021, el TPI emitió *Orden* mediante la cual declaró No Ha Lugar la paralización solicitada, de modo que quedó autorizado el descubrimiento de prueba.

Posteriormente, el 27 de septiembre de 2021, sin someterse a la jurisdicción, ARCO presentó *Moción informativa en torno a descubrimiento de prueba*[21]. En lo pertinente, informó que el 24 de septiembre de 2021 proveyó las contestaciones al *Primer Pliego de Interrogatorio, Requerimiento de Admisiones y Producción de Documentos* cursado por el apelante. Añadió que las partes

---

[17] Apéndice del recurso de *Apelación*, pág. 208.
[18] Apéndice del recurso de *Apelación*, págs. 213-214.
[19] *Íd.*
[20] Apéndice del recurso de *Apelación*, págs. 211-212.
[21] Apéndice del recurso de *Apelación*, págs. 217-218.

acordaron reunirse el 27 de septiembre de 2021, a los fines de discutir las contestaciones, toda vez que el señor Barreto Cintrón entendía que las mismas no eran responsivas. Sin embargo, ARCO sostuvo que el apelante nunca se conectó a la teleconferencia.

Así las cosas, el 28 de septiembre de 2021, sin renunciar a defensa alguna, ARCO instó *Contestación a Demanda*[22]. Por medio de esta, negó todas las alegaciones en su contra. Como parte de sus defensas afirmativas levantó, entre otros, falta de jurisdicción sobre su persona, que la demanda dejaba de exponer hechos que justificaran la concesión de un remedio y, que el apelante no había sufrido daños.

Más tarde ese mismo día, se llevó a cabo la vista argumentativa señalada por el foro primario. Según surge de la minuta[23], las partes expusieron sus posturas en torno al asunto del descubrimiento de prueba. Por su parte, el apelante manifestó que en el día anterior se había reunido con los representantes legales de ARCO, ya que entendía que las contestaciones al interrogatorio no habían sido responsivas. Indicó que la reunión no rindió frutos puesto que la representación legal del apelado sostuvo que no existía prueba documental, por lo que no tenía nada que producir. Asimismo, sostuvo que le expresó al representante legal de ARCO que sí existía prueba, tales como "las facturas de teléfonos de tres meses en aras de poder corroborar... que [ARCO] no tiene contactos en Puerto Rico... [ni] relación con [F&R]"[24].

Por otro lado, el apelado expresó que en ningún momento indicó que no existían las facturas solicitadas, sino que no existían llamadas ni ninguna relación entre ARCO y F&R. Tras escuchar ambas posturas, el TPI autorizó el descubrimiento de prueba, y

---

[22] Apéndice del recurso de *Apelación*, págs. 222-228.
[23] La minuta fue transcrita el 30 de septiembre de 2021. Véase, apéndice del recurso de *Apelación*, págs. 229-231.
[24] Apéndice del recurso de *Apelación*, pág. 229.

ordenó al apelado a producir los registros de llamadas telefónicas, según solicitados por el señor Barreto Cintrón. Asimismo, cabe señalar que de la minuta surge que el foro primario ordenó al apelante presentar la correspondiente moción, en caso de que entendiera que el interrogatorio no se había contestado adecuadamente.

Tras múltiples trámites procesales innecesarios pormenorizar para atender el asunto ante nuestra consideración, el 21 de julio de 2022, ARCO presentó dos escritos ante el TPI. Por un lado, presentó *Solicitud de orden protectora para proteger información confidencial*[25]. A través de esta, solicitó que se emitiera una orden protectora para limitar el acceso, uso y reproducción de la información que se disponía a producir, entre las cuales se revelaban detalladamente sobre veinte mil (20,000) llamadas telefónicas de la compañía y correos electrónicos internos. En su solicitud, ARCO manifestó que aun cuando el apelante no le requirió ninguna otra información -a pesar de haber expresado que las contestaciones al primer pliego de interrogatorios no fueron responsivas-, se comunicó con éste a principios del mes de diciembre de 2021 para suplementar sus contestaciones con prueba documental adicional, condicionado a que el señor Barreto Cintrón firmara un acuerdo de confidencialidad. Arguyó que el apelante inicialmente aceptó, pero luego se negó a firmar el referido acuerdo.

Por otro lado, ARCO presentó *Moción de Sentencia Sumaria*[26]. En su escrito, argumentó que procedía la desestimación de la causa de acción puesto que la controversia presentada por el apelante era ficticia y, por tanto, académica. ARCO señaló que no existía controversia real sobre los hechos materiales. Insistió en que no realizaba negocios en Puerto Rico, y que no tenía relaciones

---

[25] Apéndice del recurso de *Apelación,* págs. 638-642.
[26] Apéndice del recurso de *Apelación,* págs. 236-260.

contractuales con el apelante ni con F&R. Reiteró, además, que los correos electrónicos en los que se amparaba el apelante no fueron enviados por ARCO ni por el señor Cook.

El 1 de agosto de 2022, el TPI intimó *Orden*[27], concediendo veinte (20) días al apelante para replicar a la *Moción de Sentencia Sumaria*. Además, el mismo día, pero notificado el 3 de enero de 2022, declaró Ha Lugar la solicitud de orden protectora[28].

El 22 de agosto de 2022, el señor Barreto Cintrón respondió a ambos escritos presentados por ARCO. En primer lugar, presentó *Moción solicitando orden al amparo de las Reglas 30, 34 y 36 de Procedimiento Civil para compeler a ARCO y Jeff Cook al cumplimiento con la producción de la prueba documental solicitada y que conteste responsivamente el descubrimiento de prueba enumerado, so pena de sanciones y anotación en rebeldía*[29]. En resumidas cuentas, sostuvo que la documentación producida por ARCO no era la solicitada, sino que la misma se trataba de unas declaraciones juradas y un listado de llamadas, "confeccionados"[30] por ARCO, y no así las facturas de las llamadas telefónicas que requirió. Añadió que dichos documentos no gozaban de confiabilidad y eran inadmisibles, puesto que estaban confeccionados para propósitos de litigio.

En segundo lugar, presentó *Moción solicitando prórroga para presentar oposición a moción de sentencia sumaria presentada por ARCO Construction Corp. estando descubrimiento y producción de prueba incumplidos por ARCO Construction Corp. y solicitud de orden al amparo de las Reglas, 30, 33, 34 y 36 de Procedimiento Civil para compeler a ARCO Construction Corp. Inc. a producir descubrimiento de prueba por negarse a descubrir*[31]. En cuanto a la solicitud de

---

[27] Apéndice del recurso de *Apelación*, pág. 674.
[28] Apéndice de *Alegato en Oposición*, págs. 150-152.
[29] Apéndice del recurso de *Apelación*, págs. 676-688.
[30] Apéndice del recurso de *Apelación*, pág. 678.
[31] Apéndice del recurso de *Apelación*, págs. 699A-699I.

prórroga, requirió de un término adicional de treinta días para contestar la moción de sentencia sumaria. Sobre la orden, insistió en que se le ordenara a ARCO producir la prueba solicitada.

El 24 de agosto de 2022, el TPI intimó órdenes atendiendo ambos petitorios. Con relación al primero, impuso una sanción a ARCO, toda vez que, según razonó, este había incumplido con la orden emitida por el tribunal en la que se autorizó el descubrimiento de prueba. También, dispuso de un término de diez (10) días para que el apelado contestara responsivamente a las preguntas incluidas en el primer pliego de interrogatorio y produjera la información solicitada[32]. Por otro lado, en atención a la solicitud de prórroga, el TPI dispuso que la moción de sentencia sumaria quedaría en suspenso y paralizada hasta tanto culminara el descubrimiento de prueba[33]. Añadió que el término que tendría la parte para contestar la misma surgía de una *Resolución y Orden*[34] emitida el mismo día. Surge del referido dictamen que el Tribunal concedió al apelante hasta el 20 de junio de 2023 para replicar a la solicitud de sentencia sumaria[35].

El 25 de agosto de 2022, ARCO presentó *Moción de Reconsideración*[36]. Sostuvo que las órdenes del foro de instancia partían de premisas erróneas debido a que ARCO sí había contestado el interrogatorio cursado por el apelante, el 24 de septiembre de 2021. Expresó que era el señor Barreto Cintrón quien había incumplido con las órdenes del Tribunal al no presentar una moción por entender que el interrogatorio no había sido contestado adecuadamente tal y como le indicó el foro *a quo* en la vista

---

[32] Apéndice del recurso de *Apelación*, pág. 700.
[33] Apéndice del recurso de *Apelación*, pág. 701.
[34] Apéndice del recurso de *Apelación*, págs. 721-723. El dictamen fue notificado el 25 de agosto de 2023.
[35] En la misma *Resolución y Orden*, el foro de instancia dispuso como fecha para finalizar el descubrimiento de prueba el 30 de mayo de 2023 y, señaló la Conferencia con Antelación al Juicio para el 8 de agosto de 2023.
[36] Apéndice del recurso de *Apelación,* págs. 709-720.

argumentativa celebrada el 28 de septiembre de 2021. A esos efectos, requirió que se dejasen sin efecto las órdenes emitidas el día anterior. El 28 de agosto de 2022, notificada al próximo día, el TPI emitió una *Orden*[37] en la que declaró No Ha Lugar la solicitud de reconsideración.

Así las cosas, el 5 de septiembre de 2022, notificada el día siguiente, el foro primario emitió una *Orden*[38] en la que dispuso como sigue:

> Antes de atender la moción de reconsideración presentada por la parte demandada relacionada con las Órdenes emitidas el 24 de agosto de 2022, el Tribunal le concede 10 días a la parte demandad[a], para que explique las razones por la cual entiende que no procede que se le ordene que conteste los interrogatorios y/o información/documentación que no está en posesión de ARCO.

A esos efectos, el 16 de septiembre de 2022, ARCO presentó *Moción en cumplimiento de orden en torno a sanciones y descubrimiento de prueba*[39]. En esencia, insistió en haber contestado todos los interrogatorios. Arguyó que: (1) produjo el listado de llamadas solicitadas; (2) suministró dos declaraciones juradas con la firma del señor Cook; y (3) expresó cuándo advino en conocimiento del esquema de fraude del que fue víctima el apelante. De manera que, entendía no quedaba ningún descubrimiento de prueba pendiente, por lo que procedía que se dejasen sin efecto las sanciones impuestas.

En la misma fecha, el apelante presentó *Moción en oposición a otra y solicitando sanciones adicionales, eliminación de defensas, desacato al Tribunal, anotación de rebeldía y sentencia en rebeldía contra la demandada ARCO Construction Co. Inc. al amparo de las Reglas 34.3 y 45.1 de Procedimiento Civil por incumplimiento reiterado y desacato al Tribunal de las órdenes de cumplir con el*

---

[37] Apéndice del recurso de *Apelación*, pág. 739.
[38] Apéndice del recurso de *Apelación*, pág. 741.
[39] Apéndice del recurso de *Apelación*, págs. 747-756.

*descubrimiento de prueba ordenado desde 15 septiembre 2021 ante orden "improrrogable" y vencida de descubrir y por impago de sanción de $250*[40]. Manifestó que ARCO se negaba a descubrir prueba y jugaba a esconder la misma, en claro desacato al Tribunal. Asimismo, adujo que ARCO no había pagado la sanción impuesta por el Tribunal, por lo que solicitó la imposición de sanciones adicionales.

El 18 de septiembre de 2022, notificada el 26 de septiembre de 2022, el foro primario declaró No Ha Lugar la solicitud de sanciones adicionales[41]. Igualmente, el Tribunal intimó *Orden*[42], en la que, en lo pertinente, dispuso lo siguiente:

[...]

> Examinado la posición de ambas partes, el Tribunal declara con lugar, la Moción de Reconsideración presentada por la parte [demandada] y en consecuencia deja sin efecto las [ó]rdenes emitidas el 24 de agosto de 2022, donde se le orden[ó] contestar unos interrogatorios y satisfacer una sanción de $250.00 por incumplir con una orden previa de contestar dicho interrogatorio.
> Este Tribunal determina que el demandado ARCO sometió la información que estaba "en o bajo su posesión, custodia o dominio, según requiere la Regla 31.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 31.1, cumpliendo así con el interrogatorio cursado.
> Por las razones antes mencionada[s], se declara no ha lugar la solicitud del demandante para que se anote y se dicte sentencia en Rebeldía contra [l]a demandada Arco Construcción Co Inc, o que se le halle incurso en desacato.
> Se adopta y se hace formar parte de la presente los fundamentos que surgen de la Moción En Cumplimiento De Orden En Torno A Sanciones Y Descubrimiento De Prueba, que presentó ARCO, el 16 de septiembre del 2022.

Tras otras varias incidencias, el 30 de noviembre de 2022, el señor Barreto Cintrón presentó *Oposición a moción de sentencia sumaria presentada por ARCO Construction Corp. estando descubrimiento pendiente y producción de prueba incumplidos por ARCO Construction Corp. y solicitud de orden al amparo de las Reglas, 30,33,34 y 36 de Procedimiento Civil para compeler a ARCO Construction Co y F&R Construction Group, Inc. a producir*

---

[40] Apéndice del recurso de *Apelación*, págs. 757-765.
[41] Apéndice del recurso de *Apelación*, pág. 772.
[42] Apéndice del recurso de *Apelación*, pág. 774.

*descubrimiento de prueba por negarse a descubrir*[43]. Cabe señalar que, el 1 de diciembre de 2022, la misma fue enmendada de manera nunc pro tunc[44].

En virtud de la referida moción, el apelante sostuvo que existían hechos esenciales controvertidos. En esencia, reiteró que la documentación producida por ARCO no constituía la prueba solicitada, sino que la misma había sido "confeccionada" por el apelado. Añadió que existía una orden protectora, por lo que ARCO no tenía razón para objetar el descubrimiento de prueba bajo pretexto de confidencialidad.

Atendidas las posturas de ambas partes y luego de varios incidentes procesales, el 4 de agosto de 2023, notificada el 16 de agosto de 2023, el TPI emitió *Sentencia* en la que declaró Ha Lugar la *Moción de Sentencia Sumaria*[45] presentada por ARCO. El foro primario determinó, entre otros: (1) que no existía jurisdicción sobre ARCO; (2) que ARCO cumplió con el descubrimiento de prueba requerido; (3) que la prueba demostró que fue un tercero quien solicitó los servicios legales del señor Barreto Cintrón de manera fraudulenta, por lo que nunca existió un contrato de servicios legales entre ARCO y el apelante; y (4) que el apelante no logró demostrar que no fue víctima de un esquema de fraude.

Inconforme, el 31 de agosto de 2023, el señor Barreto Cintrón presentó *Moción de reconsideración de sentencia sumaria y determinaciones de hechos y derecho*[46]. Arguyó que las conclusiones del foro primario no estaban basadas en la totalidad del expediente ni en la prueba documental admisible, puesto que la misma tendía a demostrar que sí existía una relación entre ARCO y F&R. Sobre lo mismo, manifestó que la prueba que él presentó, tales como "los

---

[43] Apéndice del recurso de *Apelación,* págs. 1103-1216.
[44] Apéndice del recurso de *Apelación,* págs. 1238-1342.
[45] Apéndice del recurso de *Apelación,* págs. 2-7.
[46] Apéndice del recurso de *Apelación,* págs. 1393-1425.

contratos, los pagos [y] las comunicaciones por correos electrónicos"[47], impugnaban las declaraciones juradas incluidas en la solicitud de sentencia sumaria de ARCO. Adujo, además que el Tribunal le había negado el descubrimiento de prueba e insistió en que ARCO se había negado a producir las facturas telefónicas solicitadas, así como los tres ejemplos de firmas notarizadas del señor Cook.

El 20 de septiembre de 2023, ARCO compareció mediante *moción en oposición a solicitud de reconsideración y determinaciones adicionales de hechos y derecho*[48]. Sostuvo que la moción presentada por el apelante incumplía con la Regla 47 de las de Procedimiento Civil, por lo que debía rechazarse de plano. En la alternativa, esgrimió que la misma era insuficiente para revertir la *Sentencia* dictada, puesto que el señor Barreto Cintrón basaba la misma en "meras conjeturas y especulaciones"[49].

El 21 de septiembre de 2023, el TPI declaró No Ha Lugar la *Moción de reconsideración de sentencia sumaria y determinaciones de hechos y derecho* presentada por el apelante el 31 de agosto de 2023[50].

Inconforme aún, el 23 de octubre de 2023, el señor Barreto Cintrón acudió ante nos mediante recurso de *Apelación*, en el que le imputó al TPI la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ Y/O ABUSÓ DE SU DISCRECIÓN EL TPI AL ACTUAR SIN AUTORIDAD Y DENEGAR EL DESCUBRIMIENTO DE PRUEBA CELEBRADO VISTA A ESOS EFECTOS Y VARIAS ÓRDENES ORDENANDO A LA DEMANDADA ARCO A DESCUBRIR Y LUEGO DE HABER CONCLUIDO QUE ARCO ESTABA IMPEDIDA DE INCUMPLIR POR SER COSA JUZGADA ("*RES JUDICATA*") LA ORDEN DE PRODUCIR LAS FACTURAS DE LLAMADAS Y EL DESCUBRIMIENTO DE PRUEBA SOLICITADO POR EL DEMANDANTE CONFORME A DERECHO AL AMPARO DE LA REGLA 23 DE PROCEDIMIENTO CIVIL DE PUERTO RICO, 32 L.P.R.A. AP. V (2009), EN VIOLACIÓN AL PRINCIPIO DE AMPLITUD Y LIBERALIDAD Y EN VIOLACIÓN A SU DERECHO CONSTITUCIONAL AL DEBIDO PROCESO

---

[47] Apéndice del recurso de *Apelación*, pág. 1429.
[48] Apéndice del recurso de *Apelación*, págs. 1428-1430.
[49] Apéndice del recurso de *Apelación*, pág. 1429.
[50] Apéndice del recurso de *Apelación*, pág. 1.

DE LEY EN SU VERTIENTE SUSTANTIVA Y PROCESAL CONSAGRADO EN EL ART. II SEC. 7 DE LA CONSTITUCIÓN DE PUERTO RICO (1952) Y QUINTA ENMIENDA DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS DE AMÉRICA (1791). [SIC.]

**SEGUNDO ERROR:** ERRÓ Y/O ABUSÓ DE SU DISCRECIÓN EL TPI AL DETERMINAR QUE PROCEDE LA SENTENCIA SUMARIA Y DICTAR SENTENCIA SUMARIA A FAVOR DE ARCO CONSTRUCTION, INCONFORME A DERECHO, EN VIOLACIÓN A LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO, 32 L.P.R.A. AP. V (2009), SIN [EL] BENEFICIO DEL DESCUBRIMIENTO DE PRUEBA ORDENADO Y SIN QUE PROCEDA EN DERECHO LA SENTENCIA SUMARIA POR EXISTIR CONTROVERSIAS GENUINAS DE HECHOS EN TORNO A LA EXISTENCIA DE UNA RELACIÓN ENTRE LAS PARTES, EN VIOLACIÓN A SU DERECHO CONSTITUCIONAL AL DEBIDO PROCESO DE LEY EN SU VERTIENTE SUSTANTIVA Y PROCESAL CONSAGRADO EN EL ART. II SEC. 7 DE LA CONSTITUCIÓN DE PUERTO RICO (1952) Y QUINTA ENMIENDA DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS DE AMÉRICA (1791). [SIC.]

**TERCER ERROR:** ERRÓ Y/O ABUSÓ DE SU DISCRECIÓN EL TPI AL NO SOPESAR NI CALIBRAR CORRECTAMENTE LA PRUEBA Y DARLE NINGÚN PESO PROBATORIO A LA PRUEBA DOCUMENTAL DE LA PARTE DEMANDANTE Y AL DARLE PESO O DEMASIADO PESO PROBATORIO A LA PRUEBA DOCUMENTAL DE LA PARTE DEMANDADA, EN VIOLACIÓN A LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO, 32 L.P.R.A. AP. V (2009), Y EN VIOLACIÓN A SU DERECHO CONSTITUCIONAL AL DEBIDO PROCESO DE LEY EN SU VERTIENTE SUSTANTIVA Y PROCESAL CONSAGRADO EN EL ART. II SEC. 7 DE LA CONSTITUCIÓN DE PUERTO RICO (1952) Y QUINTA ENMIENDA DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS DE AMÉRICA (1791), HABIENDO PREPONDERADO EL DEMANDANTE. [SIC.]

El 22 de noviembre de 2023, ARCO compareció mediante *Alegato en Oposición a Apelación.* Perfeccionado el recurso y examinados los documentos que obran en el expediente, estamos en posición de resolver.

**II.**

**-A-**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que sólo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar

el derecho[51]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

(1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;

(2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[52].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando existan hechos materiales y esenciales controvertidos; cuando haya alegaciones afirmativas en la demanda que no han sido refutadas; cuando surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o cuando como cuestión de derecho, no procede[53]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[54].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[55]. Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[56].

Los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

---

[51] *Maldonado v. Cruz.*, 161 DPR 1, 39, (2004).
[52] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).
[53] *Íd.*, págs. 333-334.
[54] *Maldonado v. Cruz, supra.*
[55] *Íd.*, pág. 334.
[56] *Íd.*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[57].

**-B-**

Reconocemos que los Tribunales de Primera Instancia tienen una gran discreción en el manejo de los procedimientos celebrados en sus salas. En su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces[58]. En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho; ciertamente, esto constituiría un abuso de discreción. La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera[59]. Tal conclusión justiciera deberá estar avalada por el convencimiento del juzgador de que la decisión tomada se sostiene en el estado de derecho aplicable a la cuestión planteada. Ese ejercicio constituye "la razonabilidad" de la sana discreción judicial[60].

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Instancia, salvo en caso de "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de

---

[57] *Roldán Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[58] *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981).
[59] *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997).
[60] *Negrón v. Srio. De Justicia*, 154 DPR 79, 91 (2001).

derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial"[61].

## III.

Como indicamos, el mecanismo de sentencia sumaria es uno discrecional en el cual el tribunal, una vez determina que no existe una controversia genuina de hechos que tenga que ser dirimida en vista evidenciaria, y que lo único que falta es aplicar el derecho, procederá, entonces, a dictar la sentencia solicitada. Este Tribunal, como foro revisor, se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria.

Dicho lo anterior, nos corresponde en primer lugar, determinar si tanto la *Moción de Sentencia Sumaria*, así como su oposición, cumplieron con las formalidades impuestas por nuestro ordenamiento civil procesal. Es decir, debemos determinar si la *Sentencia* apelada estableció correctamente que no existían hechos en controversia que impidieran dictar sentencia sumaria desestimatoria. Así pues, se debe cumplir con el análisis establecido por nuestro Tribunal Supremo.

Evaluada la *Moción de Sentencia Sumaria*[62] presentada por ARCO, constatamos que la misma cumplió con todas las formalidades requeridas por la Regla 36.3(a) de Procedimiento Civil. La solicitud es una detallada, en la cual ARCO esbozó todas las razones por las cuales entendía que el Tribunal no ostentaba jurisdicción sobre él, y que no existía obligación contractual entre éste y el apelante. Para sustentar sus argumentos, ARCO enumeró un total de veintisiete (27) hechos como incontrovertidos e incluyó como prueba lo siguiente:

1. Declaración Jurada del señor Cook[63]
2. Statement Under Penalty of Perjury del señor Cook[64]
3. Documentos confidenciales

---

[61] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[62] Apéndice del recurso de *Apelación*, págs. 236-260.
[63] Apéndice del recurso de *Apelación*, págs. 261-263.
[64] Apéndice del recurso de *Apelación*, págs. 264-266.

4. Declaración Jurada del señor Fullana Olivencia, presidente de F&R[65]

5. Declaración Jurada de Roberto Carattini Rivera, encargado de TAL.[66]

Por otro lado, evaluada la oposición[67] del señor Barreto Cintrón, apreciamos que la misma no cumplió con varios de los requerimientos que exige la Regla 36.3 de las de Procedimiento Civil. En particular, observamos que no hizo referencia a los párrafos enumerados por ARCO en su solicitud, ni a los hechos esenciales y pertinentes esbozados en esta, indicando cuales están de buena fe controvertidos y cuáles no. Además, el señor Barreto Cintrón tampoco acompañó su oposición con evidencia sustancial que controvirtiera la prueba. Dicho de otro modo, el apelante no aportó prueba o alegación debidamente fundamentada para controvertir los hechos propuestos como incontrovertidos por ARCO. La Regla 36.3 de Procedimiento Civil exige que la parte que se opone a la solicitud de sentencia sumaria conteste cada uno de los párrafos señalados, haciendo referencia a ellos separadamente. Asimismo, requiere que se presente prueba sustancial sobre los asuntos en disputa.[68] A esos efectos, nos resulta forzoso concluir que el señor Barreto Cintrón descansó en meras alegaciones[69] y no aportó prueba que rebatiera la evidencia que presentó ARCO.

Concluido lo anterior, nos corresponde determinar si realmente existen hechos materiales en controversia. Advertimos que nuestro ordenamiento jurídico establece que cuando una parte oponente no controvierte los hechos alegados en una solicitud de sentencia sumaria, los hechos deberán darse por admitidos y, si procede, se deberá dictar la sentencia sumaria en contra de la parte

---

[65] Apéndice del recurso de *Apelación*, págs. 636-637.
[66] Apéndice del alegato en oposición, págs. 132-149.
[67] Apéndice del recurso de *Apelación*, págs. 1103-1216.
[68] *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010).
[69] *Ramos Pérez v Univisión, supra,* citando *Moore's Federal Practice 3d* Sec. 56.11[6][b], páginas. 56-145 (2008).

promovida[70]. Toda vez que, en el presente caso, concluimos que el apelante no aportó prueba sustancial que controvirtiera los hechos incontrovertidos propuestos por ARCO, se dan por admitidas las alegaciones planteadas por este último y razonamos que, no existen hechos materiales en controversia. Por su pertinencia, transcribimos las mismas a continuación:

### A. Trasfondo ARCO

1. ARCO es una corporación foránea organizada bajo las leyes del estado de Missouri.

2. ARCO no está autorizada a realizar negocios en Puerto Rico.

3. ARCO no lleva a cabo negocios en Puerto Rico.

### B. ARCO no ha tenido ni tiene contacto, mucho menos relaciones contractuales, con el demandante ni con F&R.

4. Ni ARCO, ni Cook personalmente, se han comunicado con el demandante. Cook nunca ha estado en contacto con Barreto, ni en persona, ni por teléfono, ni por correo electrónico, ni por ningún otro medio de comunicación, respecto a alguna solicitud de servicios, legales o de cualquier otro tipo.

5. El correo oficial del trabajo de Cook es jcook@arco1.com.

6. El correo electrónico que Barreto alega que fue utilizado por ARCO (arco.construction@usa.com) y por Cook (jeffcook1950s@gmail.com) no le pertenecen ni a ARCO ni a Cook, pero a un tercero desconocido que no guarda relación alguna con ARCO o con Cook. Cook no ha utilizado las direcciones de correo electrónicos arco.construction@usa.com o jeffcook1950s@gmail.com.

7. No hay correos electrónicos enviados desde cualquier cuenta de correo electrónico de ARCO a los correos electrónicos del demandante, a saber, hectorbarretolaw@gmail.com o hectorbarretoesq@gmail.com.

8. No hay correos electrónicos recibidos en cualquier correo electrónico de ARCO que provengan de los correos electrónicos del demandante, a saber, hectorbarretolaw@gmail.com o hectorbarretoesq@gmail.com.

9. Tampoco existen correos electrónicos de jcook@arco1.com hacia el demandante, hectorbarretolaw@gmail.com o hectorbarretoesq@gmail.com, ni del demandante hacia jcook@arco1.com.

---

[70] Regla 36.3 de Procedimiento Civil, *supra*, *Roldán Flores v. M. Cuebas, Inc.*, *supra.*

10. Entre el 1 de enero de 2021 y el 30 de septiembre de 2021, de más de veinte mil llamadas (20,000) generadas desde el cuadro telefónico de ARCO, ninguna llamada fue al demandante o a F&R.

11. De hecho, sólo se encontraron cuatro llamadas a teléfonos con el código de área de Puerto Rico, el (787), y ninguna con una duración mayor de dos (2) minutos.

12. No existe y nunca ha existido una relación abogado-cliente entre Barreto y ARCO, o entre Barreto y Cook. Además, ARCO no ha contratado los servicios de Barreto, para ningún propósito en lo absoluto. Asimismo, ARCO no contrató con ningún tercero para comunicarse y/o contratar con Barreto para ningún propósito en lo absoluto.

13. Ni ARCO ni Cook le han solicitado a Barreto en momento alguno que lleve a cabo algún tipo de servicio o acción, legal o de cualquier otro tipo.

14. En ningún momento ARCO ni Cook le enviaron cheques de gerente de banco, u otro instrumento financiero o legal, u otro documento, por ninguna cantidad o propósito en lo absoluto.

15. ARCO ni Cook tenían la intención de ejecutar, ni ejecutaron, un Letter of Intent o un acuerdo de compraventa (Purchase Agreement) con F&R.

16. La firma que surge de la página 49 de los documentos sometidos por el demandante en apoyo de su reclamación, la que supuestamente debería de ser la firma de Cook en relación al alegado Letter of Intent, de hecho no es la firma de Cook.

17. La firma que surge de la página 48 de los documentos sometidos por el demandante en apoyo de su reclamación, la que supuestamente debería de ser la firma del Presidente de F&R, Ángel Antonio Fullana Olivencia ("Fullana"), en relación al alegado Letter of Intent, de hecho no es la firma de Fullana según establecida por la fe notarial.

18. Ni F&R, ni su Presidente, han estado en contacto con ARCO, ni con su Presidente, Jeff Cook, para entablar una relación de negocios entre las partes. Específicamente, F&R no ha tenido, ni nunca tuvo, la intención de comprar asfalto y/o maquinaria de ARCO, ni ha solicitado servicios legales relacionado a ello.

19. F&R y ARCO no han realizado pagos ni transacciones entre ellos pues no existe relación contractual y/o de negocios entre las partes.

20. Durante el 2021, F&R recibió varias llamadas de abogados indagando sobre un supuesto negocio entre F&R y ARCO. Se le informó que dicha relación entre F&R y ARCO no existe, y que dicha información corresponde a un esquema fraudulento.

21. Cualquier contrato y/o correos electrónicos relacionados al supuesto negocio entre F&R y ARCO

son completamente falsos, y corresponden a un esquema fraudulento orquestado por terceras personas que desconocemos.

22. El correo electrónico oficial que utiliza Fullana para sus relaciones de negocios es el siguiente: aafo@frcg.net. El correo electrónico oficial de F&R, que se utiliza para comunicarse con la compañía, es el siguiente: info@frcg.net.

23. Ni F&R, ni Fullana personalmente, han recibido correos electrónicos de Jeff Cook, el Presidente de ARCO, ni de ningún otro representante de ARCO.

24. Ni F&R, ni Fullana personalmente, han recibido correos electrónicos de las siguientes direcciones: jeffcook1950s@gmail.com o arco.construction@usa.com. Desconozco quién es dueño y/o utiliza dichas cuentas de correo electrónico.

25. F&R no ha emitido, ni pretende emitir, un pago a favor de ARCO, ni directamente ni indirectamente.

26. De alguien haber llamado a nuestras oficinas sobre el supuesto negocio entre F&R y ARCO, se le hubiera indicado que ello es falso y que no existe dicha relación de negocios.

27. ARCO no tiene una oficina o sucursal en Tailandia[71].

Así pues, finalmente nos corresponde revisar si el foro primario aplicó correctamente el Derecho al asunto que nos ocupa. Examinado de *novo* el expediente y los recursos ante nuestra consideración, coincidimos con el criterio del TPI. Esto es, razonamos que el foro de instancia actuó correctamente al declarar Ha Lugar la *Moción de Sentencia Sumaria* presentada por ARCO. Consecuentemente, señalamos correcta su determinación en cuanto a que el señor Barreto Cintrón no logró demostrar que no fue víctima de un esquema de fraude. Asimismo, coincidimos con el razonamiento del foro primario respecto a que no existía jurisdicción sobre ARCO, así como tampoco existía un contrato entre éste y el apelante.

Por otro lado, es menester señalar que, de una lectura del recurso presentado por el apelante, podemos notar que su petitorio se reduce en que no se llevó a cabo el descubrimiento de prueba.

---

[71] Apéndice del recurso de *Apelación,* págs. 244-248.

Sostiene que el TPI lo denegó sin más, luego de que hubiese autorizado el mismo. Además, repetidamente, arguye que la documentación producida por ARCO no constituye la prueba solicitada, sino que la misma fue "confeccionada" por el apelado.

Según surge del expediente, advertimos que luego de varias incidencias procesales con relación al descubrimiento de prueba, el apelante presentó una moción, insistiendo en que se le ordenara a ARCO presentar la prueba que le fue solicitada[72]. A esos efectos, el Tribunal impuso una sanción al apelado, puesto que razonó que el apelado había incumplido con el referido descubrimiento[73]. ARCO solicitó la reconsideración[74], en la que arguyó que sí había contestado el pliego de interrogatorio cursado. Ante ello, el TPI emitió *Orden*[75] mediante la cual declaró No Ha Lugar la solicitud de reconsideración. Sin embargo, varios días después, el foro emitió otra *Orden*[76] en la que concedió un término de diez (10) días para que ARCO explicara las razones por las cuales entendía que no procedía una orden para contestar los interrogatorios. Tras ARCO cumplir con lo ordenado, el TPI emitió *Orden*[77] dejando sin efecto las órdenes para que contestara el descubrimiento de prueba, por entender que el mismo ya había sido contestado.

Si bien es cierto que el foro primario contravino la declaración de No Ha Lugar a la reconsideración presentada por ARCO, somos del criterio de que tal desfase procesal no incide en la determinación alcanzada por el foro de instancia.

Tras evaluar el expediente ante nuestra consideración, dando especial atención al pliego de interrogatorios, así como a las contestaciones al mismo, entendemos que el mismo fue contestado

---

[72] Apéndice del recurso de *Apelación*, págs. 699A-699I.
[73] Apéndice del recurso de *Apelación*, pág. 700.
[74] Apéndice del recurso de *Apelación*, págs. 709-720.
[75] Apéndice del recurso de *Apelación*, pág. 739.
[76] Apéndice del recurso de *Apelación*, pág. 741.
[77] Apéndice del recurso de *Apelación*, pág. 774.

responsivamente. Conforme reseñáramos, el primer requerimiento del señor Barreto Cintrón en su pliego de interrogatorio, hace referencia a los récords de llamadas, facsímiles y comunicaciones electrónicas entre F&R y ARCO. El apelante, añadió que "en su defecto", es decir, a falta de ello, solicitaba un listado de todas las llamadas telefónicas entre ARCO y los códigos de área 787 y 939, entre los meses de enero a agosto de 2021 o, nuevamente en su defecto, las facturas originales de la compañía de teléfono de ARCO, con todas las llamadas realizadas y recibidas entre enero a marzo de 2021[78]. Precisamente, ARCO presentó el listado de todas sus llamadas telefónicas, incluyendo un periodo más extenso al solicitado. Incluso, para ello solicitó una Orden Protectora que fue concedida[79]. De manera que, es nuestro criterio que ARCO respondió abiertamente a lo solicitado por el apelante.

Por otra parte, es menester señalar que, en su tercer error, el apelante sostiene que el TPI erró en la apreciación de la prueba presentada por las partes. Particularmente, aduce que el Tribunal brindó mayor peso probatorio a la prueba documental del apelado, y ningún peso a la suya. Examinada la totalidad del expediente, no vemos razón alguna para intervenir con la apreciación realizada por el foro primario, la cual fue conforme a derecho y libre de prejuicio. A esos efectos, damos la debida deferencia a la apreciación de los hechos y la prueba que efectúo la juzgadora.

De conformidad a todo lo anterior, colegimos que los errores señalados no se cometieron. Por no existir controversia real sobre un hecho material, y a tenor con el Derecho aplicable, confirmamos el dictamen del TPI.

---

[78] Apéndice del recurso de *Apelación*, págs. 213-214.
[79] Apéndice del recurso de *Apelación*, págs. 638-642 y Apéndice de *Alegato en Oposición*, págs. 150-152.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones